Richard E. McGreevy (SBN 71889)
Brian Leach (SBN 244744)
Leach & McGreevy, LLP
2833 Laguna Street
San Francisco, CA 94123
Telephone:    415-775-4455
Facsimile:    415-775-7435
E-mail:       LMLawSF@aol.com

Attorneys for Plaintiff
HEATHER CERNEY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER CERNEY,<br><br>  Plaintiff,<br><br>  vs.<br><br>NIKE, INC. and DOES 1 through 10, Inclusive,<br><br>  Defendants. | Case Number:<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1) Strict Products Liability;**<br>**2) General Negligence;**<br>**3) Breach of Express Warranties;**<br>**4) Breach of Implied Warranties;**<br>**5) Failure to Warn/Negligent Recall;**<br>**6) Unfair Competition Law;**<br>**7) Fraudulent/Intentional Misrepresentation**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff HEATHER CERNEY alleges upon information and belief as follows:

**JURISDICTION AND VENUE**

1.     Jurisdiction is further founded upon 28 U.S.C. § 1332(a), the parties being citizens of different States, and the amount in controversy being in excess of $75,000, excluding interest and costs. Venue is proper under 28 U.S.C. § 1391(b) and (c), the Defendant doing business in this Judicial District and the claims having arisen in this Judicial District.

**PARTIES**

2.     The plaintiff, HEATHER CERNEY, is an individual over the age of eighteen and is now and at all time relevant hereto was a resident of the City and County of San Francisco, State of California.

3.     The plaintiff, HEATHER CERNEY is a competitive runner and was a Division 1 NCAA Track & Field runner, Division 1 Indoor track runner, and a Division 1 NCAA Cross Country runner for the University of California, Berkeley.

---

**HEATHER CERNEY'S COMPLAINT FOR DAMAGES WITH DEMAND FOR JURY TRIAL**

4.   Defendant NIKE, INC. is a corporation, duly organized and existing under the laws of the State of Oregon and conducting business in the City and County of San Francisco.

5.   The true names or capacities of the defendants sued herein as DOES 1 through 10, whether Individual, corporate, associate or otherwise, are unknown to plaintiff at the time of filing this complaint. Plaintiff sues said defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when ascertained.

6.   Plaintiff is informed and believes, and thereon alleges, that each of the DOE defendants is in some manner responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

7.   Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, DOES 1 through 10, and each of them were employees and agents of Defendants, of each of them, and were acting within the scope of said agency and employment.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.   At all times herein mentioned Defendants NIKE, INC.. and DOES 1 through 10, and each of them, is and at all times herein mentioned were, engaged in the business of designing, manufacturing, and assembling, certain footewear products called "ALPHAFLY 2". The ALPHAFLY 2 women's running footwear are advertised by Defendants NIKE, INC. and DOES 1 through 10 as **"Women's Road Racing Footwear".**

9.   At all times herein mentioned Defendants NIKE, INC.. and DOES 1 through 10, advertised, warranted, and represented that the "ALPHAFLY 2" women's running footwear are **"Fine-tuned for marathon speed, the ALPHAFLY...helps push you beyond what you thought possible. Three innovative technologies power your run: A double dose of Air Zoom units helps launch you into your next step; a full-length carbon fiber plate helps propel you forward with ease; and a heel-to-toe ZoomX foam midsole helps keep you fresh from start to 26.2. Time to leave your old personal records in the dust."**

10.   At all times herein mentioned Defendants NIKE, INC.. and DOES 1 through 10, and each of them, were engaged in the business of selling at retail or wholesale to customers or other purchasers, and members of the general public in the City and County of San Francisco, State of California, the

specific ALPHAFLY footwear herein above described that were manufactured, designed, and assembled by defendants named above.

11.   At all times herein mentioned Defendants NIKE, INC.. and DOES 1 through 10, placed the "ALPHAFLY 2" footwear into the stream of commerce with the following statement imprinted on the footwear "MEASURED IN THE LAB VERIFIED WITH MEDALS AND RECORDS". True and correct photographs of ALPHAFLY 2 footwear are below:



12. In reliance on the advertisements, warranties, and representations made by NIKE, INC. and DOES 1 through 10, plaintiff HEATHER CERNEY purchased the ALPHAFLY 2 footwear from the San Francisco store of NIKE, INC. and DOES 1 through 10, located at 278 Post St, San Francisco, CA 94108. Plaintiff HEATHER CERNEY paid $298.72 for the ALPHAFLY 2 foot wear inclusive of sales tax.

13. On November 28, 2023, Plaintiff HEATHER CERNEY used the ALPHAFLY 2 foot wear for the first time to run the San Francisco Turkey Trot race.

14. Immediately following the race, Plaintiff HEATHER CERNEY developed severe pain in her left foot.

15. It was later discovered that Plaintiff HEATHER CERNEY sustained a sesamoid fracture in her left foot in the November 28, 2023 San Francisco Turkey Trot race.

16. At all times prior to the November 28, 2023 San Francisco Turkey Trot race and at all times relevant herein, it was unbeknownst to Plaintiff HEATHER CERNEY that athletic footwear with carbon fiber plates such as the ALPHAFLY 2 footwear cause bone stress injuries according to a February 13, 2023 Opinion Article entitled **"Bone Stress Injuries in Runners Using Carbon Fiber Plate Footwear"** which specifically states "The change in foot and ankle mechanics introduced by [Carbon Fiber Plate] footwear may contribute to the risk of injury."

17. Because of the injuries caused by the ALPHAFLY 2 footwear in the November 28, 2023 San Francisco Turkey Trot, Plaintiff HEATHER CERNEY is no longer able to run competitively.

18. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, that Defendants NIKE, INC.. and DOES 1 through 10 were under obligations to report defects and similar accidents to the Consumer Product Safety Commission through the Consumer Product Safety Act ("CPSA") and the Consumer Product Safety Improvement Act ("CPISA") and their progeny, 15 U.S.C. §§ 2051-290, *et seq.*

19. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, that Defendants NIKE, INC. and DOES 1 through 10 the were aware through complaints and their internal testing that Carbon Fiber Plate Footwear such as the ALPHAFLY caused bone stress injuries in runners.

20. Plaintiff is informed and believes and thereon alleges that the ALPHAFLY footweear Carbon

Fiber Plate parts were defectively designed and manufactured and that defendants NIKE, INC.. and DOES 1 through 10 knew the ALPHAFLY footwear were prone to cause bone stress injuries in runners and defendants NIKE, INC.. and DOES 1 through 10 knew that bone stress injuries were foreseeable.

**FIRST CAUSE OF ACTION FOR STRICT PRODUCTS LIABILITY**
**(Against Defendants NIKE, INC. and DOES 1 to 10)**

21. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

22. NIKE, INC. and DOES 1 through 10, and each of them, intended that the ALPHAFLY footwear manufactured, designed, and assembled by them were to be used for the following advertised purposes: **"Fine-tuned for marathon speed, the ALPHAFLY...helps push you beyond what you thought possible. Three innovative technologies power your run: A double dose of Air Zoom units helps launch you into your next step; a full-length carbon fiber plate helps propel you forward with ease; and a heel-to-toe ZoomX foam midsole helps keep you fresh from start to 26.2. Time to leave your old personal records in the dust."** and **"MEASURED IN THE LAB VERIFIED WITH MEDALS AND RECORDS"**

23. At all times herein mentioned, defendants, and each of them, knew and intended that the ALPHAFLY footwear would be purchased by members of the general public including Plaintiff and used by the purchasers and others without inspection for defects.

24. The ALPHAFLY footwear was used at the time that plaintiff purchased it as herein alleged, defective and unsafe for its intended purposes in that the design of the Carbon Footplate causes bone stress injuries when the user runs with a normal gait causing extreme strain on bones within the feet.

25. During the course of using the ALPHAFLY footwear for the intended purpose of running, plaintiff suffered a sesamoid fracture in her left foot as a proximate result of the defect herein described. It was not reasonably foreseeable to Plaintiff that using the shoe for its intended purpose of running would cause a sesamoid fracture in Plaintiff's foot. It is more likely than not that the sesamoid fracture was caused by Carbon Fiber Plate in the ALPHAFLY footwear.

26. As a further proximate result of the defect and ordinary use of the ALPHAFLY footwear, Plaintiff sustained severe and serious injury to her person, underwent painful and invasive surgery, and

1 continues to suffer a permanent injury, all to Plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

27. As a further proximate result of the defect and ordinary use of the ALPHAFLY footwear, Plaintiff was and is required to seek out and employ and did employ the services of hospitals, physicians, surgeons, nurses, therapists, and other professional services, and has been compelled to incur, and continues to incur, expenses for MRI's, surgery, injections, medicines, x-rays, and other medical supplies and services.

28. As a further proximate result of the defect and ordinary use of the ALPHAFLY footwear, as herein alleged Plaintiff is informed and believes, and thereon alleges, that further services of said nature will be required in the future all to the expense and damage of Plaintiff in an amount to be shown according to proof.

29. As a further proximate result of the defect and ordinary use of the ALPHAFLY footwear as herein alleged Plaintiff has suffered a permanent partial disability that affects her daily activities and ability to work in her usual and customary occupation, causing Plaintiff to suffer past, present and continuing loss of earnings and loss of earning capacity, all to her damage in an amount within the jurisdiction of this court to be shown according to proof.

30. At the time of the injury, as aforesaid, Plaintiff was regularly and gainfully employed.

31. By reason of the injuries sustained as a result of the foregoing acts and omissions of Defendants, and each of them, Plaintiff has been unable to engage in her employment for a time subsequent to said incident and for a time in the future all to Plaintiff's damage in an amount to be shown according to proof.

32. Plaintiff is informed and believes and thereon alleges that she will thereby be further prevented from attending her usual occupation in the future and will thereby sustain future loss of earnings all to her further damage.

33. As a further proximate result of the defect and ordinary use of the ALPHAFLY footwear, Plaintiff suffered severe emotional distress all to her general damage in an amount to be shown according to proof.

34. Plaintiff is informed and believes and thereon alleges that defendant knew that the ALPHAFLY

footwear were sold, manufactured, designed and assembled by defendants were defective, dangerous in the manner alleged above; that defendants know that because of the defect, the ALPHAFLY footwear could not safely be used for the purposes for which they were intended; that defendants, knowing that the ALPHAFLY footwear could not safely be used for the purpose for which they were intended; that defendants, knowing that the ALPHAFLY footwear were defective and dangerous, and in willful and conscious disregard of the safety of members of the general public placed them on the market without warning of the defect, and further knowing that the ALPHAFLY footwear would be sold to and used by members of the general public without inspection for defects. In doing the things aforementioned, defendants were guilty of malice, oppression, and fraud, thus entitling Plaintiff to recover exemplary or punitive damages.

**SECOND CAUSE OF ACTION FOR GENERAL NEGLIGENCE**
**(Against Defendants NIKE, INC. and DOES 1 to 10)**

35.   Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

36.   Defendants, and each of them, had a duty to use due care in designing, manufacturing, assembling, selling and marketing the ALPHAFLY footwear so that the product was not defective.

37.   Defendants, and each of them, breached this duty by placing the defective ALPHAFLY footwear into the stream of commerce when they either knew or should have known of its defective nature and potential to harm members of the general public including Plaintiff herein.

38.   As a proximate result of defendants' negligence, the defective ALPHAFLY footwear were distributed, marketed, and sold to Plaintiff, causing severe and permanent personal injuries.

39.   As a direct and proximate result of the defect and ordinary use of the ALPHAFLY footwear as herein alleged, Plaintiff sustained severe and serious injury to her person, underwent painful and invasive surgery, and continues to suffer a permanent injury, all to Plaintiff's damage in a sum within the jurisdiction of this court and to be shown according to proof.

40.   As a further proximate result of the defect and ordinary use of the ALPHAFLY footwear, Plaintiff was required to seek out and employ and did employ the services of hospitals, physicians, surgeons, nurses, therapists, and other professional services, and has been compelled to incur, and

1  continues to incur, expenses for ambulance service, medicines, x-rays, and other medical supplies and services.

2. 41. As a further proximate result of the defect and ordinary use of the ALPHAFLY footwear, as herein alleged Plaintiff is informed and believes, and thereon alleges, that further services of said nature will be required in the future all to the expense and damage of Plaintiff in an amount to be shown according to proof.

42. As a further proximate result of the defect and ordinary use of the ALPHAFLY footwear, as herein alleged Plaintiff has suffered a permanent partial disability that affects her daily activities and ability to work in her usual and customary occupation, causing Plaintiff to suffer past, present and continuing loss of earnings and loss of earning capacity, all to her damage in an amount within the jurisdiction of this court to be shown according to proof.

43. At the time of the injury, as aforesaid, Plaintiff was regularly and gainfully employed. By reason of the injuries sustained as a result of the foregoing acts and omissions of Defendants, and each of them, Plaintiff has been unable to engage in her employment for a time subsequent to said incident and for a time in the future all to Plaintiff's damage in an amount to be shown according to proof.

44. Plaintiff is informed and believes and thereon alleges that she will thereby be further prevented from attending her usual occupation in the future and will thereby sustain future loss of earnings all to her further damage.

45. As a further proximate result of the defect and ordinary use of the ALPHAFLY footwear, Plaintiff suffered severe emotional distress all to her general damage in an amount to be shown according to proof.

### THIRD CAUSE OF ACTION FOR BREACH OF EXPRESS WARRANTIES
(Against Defendants NIKE, INC. and DOES 1 to 10)

46. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

47. At all times herein mentioned, Defendants NIKE, INC. and DOES 1 to 10 expressly warranted to Plaintiff and the general consuming public, both orally and in writing through print, media and television advertising and other express means, that the ALPHAFLY footwear, including the Carbon

1  Fiber Plate, all of its component parts, and related model lines were of merchantable quality, free from
2  design, manufacturing and/or modification defendants was safe and fit for the purpose of its ordinary,
3  intended, foreseeable and expected use, and that such use would not cause injuries of the nature
4  herein-described to Plaintiff. In addition, said defendants, and each of them, expressly warranted, both
5  orally and in writing, that there was no substantial risk of a failure of the systems to cause steering
6  dangers, including but not limited to, causing stress fractures in the foot when running with the
7  ALPHAFLY footwear under normal conditions.

8  48.  Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, that
9  in addition to the express warranties alleged in Paragraph 22 above, NIKE, INC. and DOES 1 to 10
10 inclusive, expressly warranted, both orally and in writing, to the consuming public that the ALPHAFLY
11 footwear and related model lines, including all component parts, was of merchantable quality, fit for
12 the purpose for which they were to be used, and free from design, manufacturing and/or modification
13 defects, specifically including the serious and dangerous defect whereby the ALPHAFLY footwear
14 would cause stress fractures in the foot and other related dangers.

15 49.  Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, the
16 ALPHAFLY footwear was not of merchantable quality, fit for the purpose for which it was to be used,
17 and/or free from design, manufacturing and/or modification defects, specifically including the serious
18 and dangerous defect whereby the ALPHAFLY footwear would stress fractures in the foot when
19 running with the ALPHAFLY footwear under normal conditions.

20 50.  Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, the
21 ALPHAFLY footwear was defectively designed and/or manufactured and imminently dangerous to
22 users, consumers and bystanders, while being used in a reasonably foreseeable manner, thereby
23 rendering the ALPHAFLY footwear unsafe and dangerous for use by users, consumers, specifically
24 including the serious and dangerous defect whereby the ALPHAFLY footwear would stress fractures
25 in the foot when running with the ALPHAFLY footwear under normal conditions.

26 51.  Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, the
27 ALPHAFLY footwear were not of merchantable quality and was not as warranted by Defendants NIKE,
28 INC. and DOES 1 to 10, thus constituting a breach of said warranty; and as a direct, legal and proximate

result of Plaintiff's reliance on said warranties and the breach of said warranties, Plaintiff sustained damages.

52. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, NIKE, INC. and DOES 1 to 10, received timely notice of said breach of warranties.

53. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, NIKE, INC. and DOES 1 to 10 and each of them, knew or, in the exercise of reasonable care, should have known of the dangerous, defective, unfit and unsafe condition of the aforementioned ALPHAFLY footwear and the fact that it was not safe or suitable for its intended use, nor of merchantable, safe or operational quality, specifically including that the ALPHAFLY footwear would stress fractures in the foot when running with the ALPHAFLY footwear under normal conditions.

54. The aforementioned warranties were made for the exact purposed and effect of inducing the consuming public, specifically Plaintiff, to reasonably rely upon the aforementioned warranties by purchasing the ALPHAFLY footwear.

55. The said defects were not known to Plaintiff, while NIKE, INC. and DOES 1 to 10, and each of them, knew or, in the exercise of reasonable care, should have known of the dangerous, defective, unfit and unsafe condition of the aforementioned ALPHAFLY footwear and failed to provide adequate warning or proper instructions to owners and users of the ALPHAFLY footwear.

56. Furthermore, Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, NIKE, INC. and DOES 1 to 10, and each of them, knew or, in the exercise of reasonable care, should have known of other injuries, consumer complaints and lawsuits involving similar injuries caused by the aforementioned defects in the ALPHAFLY footwear to potentially cause stress fractures including while being used in a normal foreseeable manner, due to the inadequate and improper warnings and instructions, and said design and manufacturing defects, said defendants nevertheless chose not to design, redesign or repair the ALPHAFLY footwear in a proper and defect free manner, properly recall the products in a timely manner, and/or adequately warn of the defects and dangers.

57. In addition, Plaintiff is informed and believes and thereon alleges, that the aforementioned acts, omissions, and negligence by defendants NIKE, INC. and DOES 1 to 10 were done by employees of said defendants, and each of them with the advance knowledge, authorization, approval, participation

or ratification of the officers, directors and/or managing agents of said defendants, and each of them.

58. On or about November 28, 2023, the breaches of these warranties were the proximate, legal causes of the damages sustained by Plaintiff. Plaintiff has incurred damages to be shown by proof at trial.

**FOURTH CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTIES**
**(Against Defendants NIKE, INC. and DOES 1 to 10)**

59. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

60. Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, NIKE, INC. and DOES 1 to 10, and each of them, impliedly warranted to Plaintiff and the general consuming public, through print, media and television advertising and other means, that the ALPHAFLY footwear was of merchantable quality and was safe for its ordinary, intended, foreseeable and expected use, and that such use would not cause injuries of the nature herein-described to Plaintiff. In addition, said defendants, and each of them, impliedly warranted that there was no substantial risk of a failure of the ALPHAFLY footwear in that it could stress fractures in the foot when running with the ALPHAFLY footwear under normal conditions.

61. These implied warranties were furthered and fostered by, among other things, the aforementioned representations concerning the high performance standards and safety ratings set forth above as they related to the ALPHAFLY footwear. All of the advertisements and other promotional material, provided by Defendants NIKE, INC. and DOES 1 to 10, along with the additional oral representations made through Defendants NIKE, INC. and DOES 1 to 10, implied that the ALPHAFLY footwear was exceptional in terms of safety and that defendants would act promptly to immediately recall ALPHAFLY footwear and correct any defects, especially when, as here, the defect relates to a known substantial risk regarding the propensity of the ALPHAFLY footwear to cause stress fractures in the foot when running with the ALPHAFLY footwear under normal conditions.

62. The aforementioned warranties were made for the exact purposed and effect of inducing the consuming public, specifically Plaintiff, to reasonably rely upon the aforementioned warranties by purchasing the ALPHAFLY footwear.

63. The said defects were not known to Plaintiff, while Defendants NIKE, INC. and DOES 1 to 10, and each of them, knew or, in the exercise of reasonable care, should have known of the dangerous, defective, unfit and unsafe condition of the aforementioned ALPHAFLY footwear and failed to provide adequate warning or proper instructions to owners and users of the ALPHAFLY footwear.

64. Furthermore, Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, Defendants NIKE, INC. and DOES 1 to 10, and each of them, knew or, in the exercise of reasonable care, should have known of other injuries, consumer complaints and lawsuits involving similar injuries caused by the aforementioned defects in the ALPHAFLY footwear caused by the defective Carbon Fiber Plates while being used in a normal foreseeable manner, due to the inadequate and improper warnings and instructions, and said design and manufacturing defects, said defendants nevertheless chose not to design, redesign or repair the ALPHAFLY footwear in a proper and defect free manner, properly recall the products in a timely manner, and/or adequately warn of the defects and dangers.

65. In addition, Plaintiff is informed and believes and thereon alleges, that the aforementioned acts, omissions, and negligence by NIKE, INC. and DOES 1 to 10 were done by employees of said defendants, and each of them with the advance knowledge, authorization, approval, participation or ratification of the officers, directors and/or managing agents of said defendants, and each of them.

66. On or about November 28, 2023, the breaches of these warranties were the proximate, legal causes of the damages sustained by Plaintiff. Plaintiff has incurred damages to be shown by proof at trial.

**FIFTH CAUSE OF ACTION FAILURE TO WARN/NEGLIGENT RECALL**
**(Against Defendants NIKE, INC. and DOES 1 to 10)**

67. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

68. Plaintiff is informed and believes and thereon alleges, that Defendants NIKE, INC. and DOES 1 to 10, inclusive, and each of them, had a duty to provide information, instructions and warnings, and each of them negligently and carelessly advertised, designed, manufactured, fabricated, planned, assembled, distributed, leased, rented, bought, sold, inspected, tested, serviced, repaired, marketed,

1  recalled, warranted, provided instructions and warnings, and as ALPHAFLY footwear, as well as other
2  similar models, regarding the propensity of the ALPHAFLY footwear to cause stress fractures, while
3  being used in a normal foreseeable manner.
4  69.     Plaintiff is informed and believes and thereon alleges, Defendants NIKE, INC. and DOES 1 to
5  10, inclusive, and each of them, had a duty to warn Plaintiff that there existed a condition that
6  Defendants NIKE, INC. and DOES 1 to 10, were well aware of, but failed to act through and actually
7  inform the motoring public who are operating their manufactured products of the possible dangers from
8  the propensity of the ALPHAFLY footwear, as well as other similar models, regarding the propensity
9  of the ALPHAFLY footwear to cause stress fractures, while being used in a normal foreseeable manner.
10 that Defendants were aware of for the allegedly ALPHAFLY footwear . The defendants' negligent
11 actions included waiting for years and still not warning, or even recalling all the affected ALPHAFLY
12 footwear..
13 70.     Manufacturers and their tracking services, such as Defendants NIKE, INC. and DOES 1 to 10,
14 inclusive, and each of them, cannot delegate responsibility for the safety of its products to retailers,
15 much less purchasers. *Springmeyer v. Ford Motor Co.* (1998) 60 Cal.App.4th 1541, 1562-1563; *Ford
16 Motor Co. v. Robert J. Poeschl, Inc.* (1971) 21 Cal.App.3d 694, 698; *Southern Pac. Co. v. Unarco
17 Industries, Inc.* (1974) 42 Cal.App.3d 142, 151.) Manufacturers, such as NIKE, INC. and DOES 1 to
18 10, inclusive, and each of them, failed to conduct an adequate recall campaign which constitutes a
19 separate issue and cause of action from a defective design cause of action. *Hernandez v. Badger
20 Construction Equipment Co.* (1994) 28 Cal.App.4th 1791, 1827.)
21 71.     By November 28, 2023, the failure of Defendants NIKE, INC. and DOES 1 to 10, inclusive, and
22 each of them, to warn and then recall the ALPHAFLY footwear was the proximate, legal causes of the
23 damages sustained by Plaintiff. Plaintiff has incurred damages to be shown by proof at trial.

**SIXTH CAUSE OF ACTION FOR CALIFORNIA UNFAIR COMPETITION LAW**
**(Against Defendants NIKE, INC. and DOES 1 to 10)**

72.     Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in
each and every preceding paragraph of this Complaint, as though fully set forth herein.
73.     California's Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including

any unlawful, unfair, fraudulent or deceptive business act or practice as well as "unfair, deceptive, untrue or misleading advertising."

74. In the course of conducting business, Defendants NIKE, INC. and DOES 1 to 10 committed unlawful business practices by, inter alia, making the misrepresentations and violating the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, et seq. (the "CLRA"), Consumer Product Safety Act ("CPSA") and the Consumer Product Safety Improvement Act ("CPISA") and their progeny, 15 U.S.C. §§ 2051-290, et seq., and any other applicable statutes and common law causes of action, whether or not specifically alleged herein.

75. Defendants are further obligated to maintain all records, including electronic records (including internal and external communications transmitted electronically), materials, films, tapes and other information-storing media that contain information that may be related to product safety.

76. Plaintiff reserves the right to allege other violations of law that constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

77. Defendants' acts, omissions, and non-disclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of Cal. Bus. & Prof. Code §§ 17200, et seq. in that Defendants NIKE, INC. and DOES 1 to 10's conduct was/is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

78. As stated in this complaint, Plaintiff alleges violations of various laws and regulations resulting in harm to consumers, including Plaintiff. Defendants has also systematically denied the rights of consumers, including Plaintiff under Consumer Product Safety Act ("CPSA") and the Consumer Product Safety Improvement Act ("CPISA") and their progeny, 15 U.S.C. §§ 2051-290, et seq. Plaintiff asserts violations of the public policy against engaging in false and misleading advertising, unfair competition and deceptive conduct towards consumers, including by omitting material information related to safety of Carbon Fiber Plate in the ALPHAFLY footwear. This conduct constitutes violations of the unfair prong of Cal. Bus. & Prof. Code §§ 17200, et seq.

79. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

80. The unlawful, unfair, and fraudulent business practices described herein present a continuing threat to Plaintiffs and members of the general public in that Defendants continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

81. Plaintiff seeks equitable and injunctive relief requiring, inter alia, that Defendants NIKE, INC. and DOES 1 to 10 identify the defects in the ALPHAFLY, as well as other similar models, to the extent possible, and identifying any and all remedies so that consumers can take advantage of those rights.

82. Plaintiff also seeks restitution, in addition to all other relief this Court deems appropriate, consistent with Cal. Bus. & Prof. Code § 17203.

**SEVENTH CAUSE OF ACTION FOR FRAUD (INTENTIONAL MISREPRESENTATION)**
**(Against Defendants NIKE, INC. and DOES 1 to 10)**

83. Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

84. Plaintiff is informed and believes and thereupon alleges that Defendants NIKE, INC. and DOES 1 to 10 have made intentional, material, and fraudulent misrepresentations of fact in connection with the advertisement, sale and distribution of the ALPHAFLY footwear.

85. Specifically, Defendants NIKE, INC. and DOES 1 to 10 have made, among others, the following fraudulent misrepresentations in inducing Plaintiff to purchase and use ALPHAFLY footwear: **"Fine-tuned for marathon speed, the ALPHAFLY...helps push you beyond what you thought possible. Three innovative technologies power your run: A double dose of Air Zoom units helps launch you into your next step; a full-length carbon fiber plate helps propel you forward with ease; and a heel-to-toe ZoomX foam midsole helps keep you fresh from start to 26.2. Time to leave your old personal records in the dust."** and **"MEASURED IN THE LAB VERIFIED WITH MEDALS AND RECORDS**

86. Plaintiff is informed and believes, and thereupon alleges, that each of the foregoing representations was and is false.

87. Each of the foregoing representations was material to Plaintiff's decision to purchase and use ALPHAFLY footwear:

88. Plaintiff is informed and believes, and thereupon alleges, that Defendants NIKE, INC. and

1  DOES 1 to 10, at all material times herein alleged, knew that their statements to Plaintiff, as enumerated above, were materially and intentionally false and fraudulent, and that Defendants NIKE, INC. and DOES 1 to 10, made said representations for the sole purpose of defrauding Plaintiff.

89. At all material times herein alleged, Plaintiff was unaware of the falsity of the representations of Defendants NIKE, INC. and DOES 1 to 10, acted in reliance on their representations in deciding to purchase and use ALPHAFLY footwear, and was justified in acting in reliance on the representations of Defendants NIKE, INC. and DOES 1 to 10,

90. As a direct and proximate result of relying on the false and fraudulent representations and concealment of Defendants NIKE, INC. and DOES 1 to 10 as herein alleged, Plaintiff has suffered injuries and damaged has been damaged in a sum to be shown according to proof, but in excess of $75,000.

91. As a further result of relying on fraudulent representations of Defendants NIKE, INC. and DOES 1 to 10 herein alleged, Plaintiff is entitled to exemplary and punitive damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

92. WHEREFORE, Plaintiff HEATHER CERNEY prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For general (non-economic) damages according to proof at trial;
2. For special (economic) damages according to proof at trial;
3. For compensatory damages according to proof at trial;
4. Punitive and exemplary damages in an amount appropriate to punish or set an example of defendants;
5. An award of reasonable attorneys' fees and cost of suit as permitted by law;
6. For prejudgment interest as permitted by law;
7. Injunctive relief; and
8. For such other and proper relief as the Court deems just and proper.

///

///

**DEMAND FOR JURY TRIAL**

Plaintiff HEATHER CERNEY hereby demands a trial by jury for all issues so triable.

Dated: November 17, 2025                    LEACH & MCGREEVY, LLP

By _____
Richard E. McGreevy
Brian Leach
Attorneys for Plaintiff
HEATHER CERNEY